# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KARL W. SCHENKER,

    *Plaintiff*,

vs.

CHRISTIAN ROWLEY, *et al.*

    *Defendants*.

3:12-cv-00174-LRH-VPC

ORDER

This prisoner civil rights action by a Nevada state inmate comes before the Court on the following filings by plaintiff: (a) a motion (#21) for leave to amend the complaint; (b) a motion (#19) for "non-joinder" of defendant Baker; (c) five motions (## 6, 13, 15, 24 & 29) seeking to prevent correctional officials from posting charges on plaintiff's inmate account for legal supplies, copies, and postage; (d) a motion (#16) seeking certification for permissive intervention of the state attorney general on plaintiff's constitutional challenge in the foregoing five motions; (e) and three motions (## 22, 23 & 28) seeking reconsideration of sundry prior rulings by the Court.

### *Motion for Leave to Amend*

The prior screening order dismissed a number of claims while providing plaintiff an opportunity to amend to attempt to correct the deficiencies identified in the order. The Clerk provided plaintiff a copy of a complaint form, the instructions for the form, and the original complaint. Plaintiff initially opted to not amend the complaint, but he then changed his mind and sought leave to amend by the current motion.

The motion will be denied without prejudice because plaintiff did not comply with the instructions for the complaint form.

The instructions state in pertinent part:

> . . . . [The local rules] require[] the use of the civil rights complaint form by anyone not represented by counsel, that is, if they are proceeding pro se. . . . . All information must be clearly and concisely written, **only in the space provided on the form, and only one line of writing per line provided**. . . . . Additional space has been provided at the bottom of the last page of the form for continuing allegations contained in Parts B or C [for the Nature of the Case and Causes of Action]. If needed, you may attach **two** additional pages of standard letter size paper to complete Parts B & C of the complaint. . . . . If you add more than the two pages, you must file a motion for leave of court (permission) to file the longer than normal complaint at the time you submit the complaint. This two page limitation only applies to pages added to Parts B & C.
>
> . . . . .
>
> . . . . Exhibits should not be submitted with the complaint. Instead, the relevant information contained in an exhibit should be paraphrased in the complaint, and you should keep the exhibit to use to support or oppose a motion for summary judgment or a motion to dismiss.

*Instructions*, Paragraphs (A)(1) & (7)(bold emphasis in original).

In short, a plaintiff: (a) must state his claims on the required complaint form and only on that form, without incorporating other documents by reference to state his claims; and (b) if the plaintiff must use more than two additional pages within the form to do so, he must file a motion for leave to file a longer than normal complaint.

In the present case, plaintiff submitted an affidavit with the proposed pleading. In the proposed amended complaint, plaintiff states: "See: Affidavit in Support [of] Amended Complaint and Incorporated as [sic] Reference As Such Herein." #21-1, at 4. Plaintiff may not incorporate factual allegations from another document to state his claims. He instead must state the entirety of his claims in the complaint itself on the required complaint form. Plaintiff further may not use such incorporation of other documents by reference to exceed the space limitations for the complaint form. He instead must allege his claims on the complaint form and seek leave to file a longer than normal complaint.

Because plaintiff did not follow the instructions for the complaint form, the Court will deny the motion for leave to amend without prejudice to the filing of a new motion for leave to amend with a compliant proposed pleading. The Court expresses no opinion as to whether the proposed amended complaint otherwise would remedy the deficiencies identified in the prior screening order.

### *Motion for "Non-Joinder" of Defendant Baker*

The Court construed a prior similar filing as a motion to voluntarily dismiss defendant Cox. The Court will construe the present motion similarly and will dismiss defendant Baker as well.

### *Motions Regarding Legal Supplies, Copies and Postage*

Plaintiff has filed five motions seeking legal supplies, copies and postage without charge and another motion seeking certification for permissive intervention of the state attorney general on plaintiff's constitutional challenge in the foregoing five motions.

The Court entertains collateral motions filed by inmates in prison litigation seeking an increase in the $100.00 copy credit limit allowed for inmates by the state corrections department in order to make legal copies for use in the litigation then before the Court.

The present motions, however, request far more than such relief. The motions instead challenge the constitutionality of the state corrections department making charges against inmate trust accounts in the first instance for legal supplies, copies and postage. Plaintiff contends that the imposition of such charges against the accounts of allegedly indigent inmates denies inmate access to the Courts in violation of the First Amendment in contravention of *Bounds v. Smith*, 430 U.S. 817 (1977). He urges that the state corrections department must provide these materials to indigent inmates at State expense. He seeks injunctive relief prohibiting the state corrections department from making such charges and instead requiring the department to affirmatively provide all such materials free of charge. Consistent with the broad-based constitutional challenge presented in the other motions, the motion requesting certification for permissive intervention seeks to have the Court certify to the state attorney general pursuant to Rule 5.1(b) of the Federal Rules of Civil Procedure that the constitutionality of a state statute has been questioned.[1]

The broad-based constitutional challenge sought to be presented through these six motions goes far beyond the limited collateral relief typically entertained by the Court in considering a request for an increase in an inmate's copy credit limit. No First Amendment claim is presented in the underlying

---

[1] Such certification, where otherwise appropriate, is necessary only in cases where, *inter alia*, the parties do not include a state officer or employee named in his official capacity.

pleadings on this basis. Plaintiff may not pursue such a broad-based constitutional challenge in a motion where no such claim is raised in the underlying pleadings. Motions seeking to pursue claims that are not alleged in the pleadings will be denied on their face.

Plaintiff's constitutional claim in any event is without merit.

Plaintiff relies upon the following statement from *Bounds*: "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents[,] with notarial services to authenticate them, and with stamps to mail them." 430 U.S. at 824-25. In *Lewis v. Casey*, 518 U.S. 343 (1996), however, the Supreme Court expressly "repudiated" and "disclaimed" the broad pronouncements made in *Bounds* regarding an affirmative obligation of States to provide specified legal resources. The Supreme Court declared that *Bounds* did not create an abstract, freestanding right to specified legal resources. The right recognized in *Bounds* instead was one of access to the courts rather than to specified legal resources. To state a constitutional claim under that right of access, the inmate was required to allege and prove actual injury to the ability to bring specified prison civil rights or post-conviction case before a court. *See* 518 U.S. at 351-55 & n.4. An inmate therefore may not present a viable constitutional claim seeking to compel the provision of specific legal resources as a freestanding affirmative obligation of the State with no showing of actual injury to pursuit of a specific prison civil rights or post-conviction claim.

Further to the point, *Bounds* does not hold that the State may not place charges against an inmate account for costs for legal materials to later be recouped at a time when the inmate no longer is indigent. Plaintiff in the main is challenging the fact that his account is being *charged*, for later recoupment as funds are available, for resources that have been *provided*. The extensive broad *dicta* of *Bounds*, much of which was expressly repudiated and disclaimed by the Supreme Court, does not establish that the State may not make such charges for possible future recoupment. The Ninth Circuit accordingly has held that inmates are not denied access to the courts when they are charged for, *e.g.,*, legal copying. *See, e.g., Johnson v. Moore*, 926 F.2d 921, 925 (9th Cir. 1991), *superceded on other grounds*, *Johnson v. Moore*, 948 F.2d 517 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989).

All of the motions will be denied. If plaintiff wishes to file a motion specifically requesting an increase in his copy credit limit, he must: (a) attach with his motion a copy of a written institutional

response establishing that he has exceeded his copy credit limit; and (b) establish a particularized need in this litigation for a copy credit limit increase in a specified amount. The Court does not grant open-ended blanket increases to an inmate's copy credit limit that are not tied to a current specific need.

As discussed further, *infra*, plaintiff could reduce his copy credit and other legal supply needs in this case simply by not filing frivolous and/or repetitive motions. The Court is not going to grant relief, whether as to copying or otherwise, to facilitate continued meritless, repetitive, and vexatious filings such as has been submitted to date in this matter. *Bounds* is not a blank check to clutter a record with nearly thirty filings in a case that should have only a half dozen or so filings at this juncture.

### *Motion for Reconsideration as to Reputation and Character Evidence*

Plaintiff submitted a raft of motions, or "petitions," with the complaint, including a motion (#1-7) to "disqualify the credibility of" defendant Rowley. Plaintiff maintained that Rowley's credibility may be attacked under Rule 609(a)(2) because he filed a charge of inmate assault on staff of which plaintiff was acquitted. Plaintiff requested that the Court "disqualify the credibility" of Rowley for allegedly making the false statement.

The Court denied the motion as premature in the prior screening order. #17, at 10.

Plaintiff renews the same argument in the present motion.

The motion is both frivolous and premature.

The motion is frivolous because the rules of evidence allowing impeachment of witness testimony do not provide a basis for disqualifying a witness, particularly a defendant party witness, from testifying. The rules permit an opposing party – where the requirements of the rule are satisfied – only to seek to impeach the witness' testimony at trial, in the course of arguing to the trier of fact that the witness' testimony should not be believed. Moreover, Rule 609(a)(2) refers to impeachment by *conviction for a crime* involving a false statement. Making an alleged false statement is not the same as being convicted of a crime based upon a false statement.

In all events, all such efforts to impeach a witness' testimony are premature prior to the point that the witness takes the stand to testify at a trial or perhaps at a hearing.

As discussed *infra*, if plaintiff persists further in pursuing this frivolous and premature request for relief, the Court will initiate sanctions proceedings against plaintiff.

*Motion for Reconsideration as to Temporary Injunctive Relief*

Plaintiff submitted a one-page conclusory motion (#1-3) for a temporary restraining order (TRO) with the complaint. The motion sought an order restraining a defendant who no longer is in the litigation from a conclusory list of "prohibitions," such as "contemptuous language." Many of the conclusory prohibitions pertained to matters beyond the pleadings and/or that were within the pleadings but failed to state a claim for relief.

The Court held, *inter alia*, that plaintiff had not made a showing of either irreparable harm or that the balance of hardships tipped sharply in his favor. #17, at 8-9.

In the present motion for reconsideration as to the denial of a TRO, plaintiff goes well beyond any claims alleged in a pleading before the Court or even proposed to the Court. He seeks to obtain a TRO directed at least in part to persons other than the remaining named defendants regarding, *inter alia,* loss of personal property including several items of clothing, denial of access to the law library, and denial of a transfer to another facility. As the Court stated previously with regard to plaintiff's constitutional challenge to his account being charged for legal supplies, plaintiff may not pursue a motion seeking relief on claims that are not properly presented in the pleadings.

The motion otherwise again does not make a nonconclusory showing of either irreparable harm or that the balance of hardships tips sharply in plaintiff's favor.

Moreover, the certificate of service reflects only that plaintiff "served" the motion on the Clerk of this Court. "Service" on the Clerk is not service on any party. Under Rule 65(b)(1), a TRO may issue without notice only if specific facts demonstrate that the moving party will suffer irreparable injury before the adverse party can be heard or the movant certifies the efforts to give notice and the reasons why notice is not required. Plaintiff has not satisfied these conditions.

The motion therefore will be denied. Nothing in the allegations made – which again go well beyond the pleadings in this action – warrants issuance of a temporary restraining order.

*Motion for Reconsideration as to Seizure of Defendant Rowley's Property*

Plaintiff submitted a one-page conclusory motion (#1-4) with the complaint seeking seizure of the personal property of the defendants. This motion also was "served" only on the Clerk. Plaintiff relied upon Rule 64 of the Federal Rules of Civil Procedure, which provides that every remedy available

-6-

under the law of the local state jurisdiction is available for seizure of property to satisfy a potential judgment. Plaintiff, however, did not cite to any Nevada state provisions authorizing the seizure of the personal property of the defendants – two of whom since have been dismissed – without notice in the procedural posture presented in this case.

The Court denied the motion as premature in the prior screening order. #17, at 10.

Plaintiff makes essentially the same conclusory request for seizure of defendant Rowley's property in the present motion. The motion once again is "served" only on the Clerk.

The motion is frivolous. There is no Nevada provision allowing for pretrial seizure of Rowley's personal property in the procedural context presented, particularly with "service" only on the Clerk, and plaintiff has cited no such provision. Rule 64 does not constitute a self-operative basis for pretrial seizure of a defendant's assets without any showing that same is authorized under state law.

As discussed *infra*, if plaintiff persists further in pursuing this frivolous request for relief, the Court will initiate sanctions proceedings against plaintiff.

### *Final Admonition*

The Court has considerable patience, but it has neither the time nor resources to consider repeated frivolous and vexatious filings. The record in this matter currently contains nearly thirty filings in an action that should have only approximately a half dozen filings at this point.

There is no valid reason to file essentially five versions of the same motion. The Court has a heavy prisoner litigation docket, and it reaches and rules on matters as promptly as it is able. Filing multiple versions of essentially the same motion will not lead to the Court reaching and ruling on the initial request for relief any sooner. It will, however, lead to sanctions proceedings being initiated against plaintiff for filing multiple vexatious and harassing filings.

Similarly, there has been no valid reason to file the multitude of frivolous motions submitted with the complaint in this matter, much less to file motions for reconsideration essentially merely repeating the motions that the Court denied. Filing multiple reconsideration motions that essentially simply repeat the motion that was denied without new argument will not lead to a different outcome on the motion. It instead will lead to sanctions proceedings being initiated against plaintiff for filing multiple vexatious and harassing filings.

The Court thus places plaintiff on notice that if he files any further frivolous or repetitively vexatious papers in this matter, he will be directed to show cause in writing why sanctions should not be imposed under Rule 11 of the Federal Rules of Civil Procedure, including imposition of substantial monetary sanctions to be drawn in installments from his inmate account against any present or future balance and referral to correctional authorities for consideration of imposition of sanctions for institutional major violation MJ48.[2] While the present order shall not constitute a basis for such sanctions in and of itself, this admonition is the last advance warning that plaintiff will receive in this action prior to the commencement of sanctions proceedings.

This matter will proceed as follows going forward. The Court will give plaintiff an additional thirty-day opportunity to submit an amended complaint. If an amended complaint is properly submitted and filed, the pleading then will be screened. If no amended complaint is submitted or after screening is fully completed if one is filed, the matter will be informally served by the Clerk on the Nevada Attorney General in connection with a limited appearance for alternative dispute resolution efforts. If the Attorney General makes such a limited appearance, the matter thereafter will be stayed for ninety days while the parties either participate in court-ordered mediation or pursue settlement discussions between themselves. If the case is not resolved through such proceedings, the matter then will proceed forward to a response by the defendants for whom service is accepted or thereafter effected.

During the above-described proceedings, which may take several months, there is no occasion for multiple motions, much less multiple repetitive motions, by plaintiff. There in particular is no need for plaintiff to seek issuance of summonses from the Clerk. Service will not proceed unless and until ordered by the Court and then only pursuant to the specific directives of the Court in future orders.

Following upon the remaining provisions in this order, plaintiff is being granted leave to again file a motion for leave to amend the petition. Otherwise, there is no occasion at this point in the case for plaintiff to be filing a multitude of motions.

---

[2] Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

IT THEREFORE IS ORDERED that plaintiff's motion (#21) for leave to amend the complaint is DENIED without prejudice. Plaintiff shall have **thirty (30) days** within which to mail to the Clerk for filing another motion for leave to amend the complaint along with a properly-completed amended complaint.

IT FURTHER IS ORDERED that plaintiff's motion (#19) for "non-joinder" of defendant Baker is GRANTED such that all claims against defendant Baker are DISMISSED.

IT FURTHER IS ORDERED that plaintiff's remaining motions (## 6, 13, 15, 16, 22, 23, 24, 28 & 29) are DENIED, for the reasons assigned herein. The pauper application (#1), however, remains pending, pursuant to the procedures established for the inmate mediation program.

The Clerk shall provide plaintiff two copies of a civil rights complaint form, one copy of the instructions for the form, and one copy each of the prior proposed amended complaint (#21-1) and his motion papers seeking a temporary restraining order in ## 23 & 27.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE