# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KARL W. SCHENKER,

    *Plaintiff*,

vs.

CHRISTIAN ROWLEY*, et al.*

    *Defendants*.

3:12-cv-00174-LRH-VPC

ORDER

This prisoner civil rights action by a Nevada state inmate comes before the Court on plaintiff's motion (#43) for a temporary restraining order.

Plaintiff seeks a temporary restraining order directed to "N. Young," the alleged law library supervisor at Ely State Prison ("Ely"), who is not a party in this action. Plaintiff seeks on order restraining Young from denying plaintiff access to legal supplies when allegedly indigent and from retaliating against him in his grievances against Young. The allegations in the motion concern, *inter alia*, a denial of a May 22, 2013, request for a replacement ink pen.

The motion will be denied. As noted, Young is not a party in this action. The circumstances alleged in the motion from 2013 are not alleged in the pleadings, which pertain instead to events in 2011. It further would appear highly doubtful that petitioner has exhausted his administrative grievances regarding the alleged 2013 incidents. While the Court may not *sua sponte* raise lack of administrative exhaustion as a defense to claims in a complaint, that does mean that the Court must ignore a probable lack of exhaustion in pragmatically considering whether petitioner presents an overall probability of success on a

request for injunctive relief.  Moreover, in order to establish an actual right to relief on a claim of denial of access to the courts, plaintiff must demonstrate not merely that sundry department regulations *arguendo* are not being followed.  He instead must demonstrate an actual injury to his ability to access the courts, in an actual adverse effect on a pending court action. Whatever difficulty that plaintiff is experiencing obtaining a replacement pen, etc., he clearly is able to access the Court successfully.  Further, there neither are, nor should be, any extensive proceedings going on in this particular matter at the moment.  Following a stay, the matter is pending for a settlement conference, which was ordered at plaintiff's request.

This action is not a clearinghouse for plaintiff's ongoing disputes with correctional officers and officials as they occur over time.  Plaintiff clearly may not obtain temporary injunctive relief on claims not presented by the pleadings against a person who is not a party in this action.  Nor has plaintiff remotely come close to even articulating a valid constitutional basis under the First Amendment for the emergency injunctive relief requested.  To the extent that he seeks relief based upon a right to be free of retaliation over and above a right of access to the courts, plaintiff will have to exhaust his administrative grievances and pursue such a retaliation claim in properly-presented pleadings.

The Court will formally reinstate the stay.  Plaintiff is one more frivolous motion away from – substantial – sanctions being imposed in this matter.  This is the final warning that plaintiff will receive before sanctions proceedings are initiated.  See #42, at 2; #31, at 7-8 (prior warnings).

IT THEREFORE IS ORDERED that plaintiff's motion (#43) for a temporary restraining order is DENIED and that this matter is STAYED pending further express order of the Court following the scheduled settlement conference.

DATED this 19th day of August, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE